UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIDGET MCCARTER,

    Plaintiff,                      CASE NO.: 5:18-cv-157-RH/CAS

v.

CENTURION OF FLORIDA,
LLC., and MHM HEALTH
PROFESSIONALS, INC.,

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, BRIDGET MCCARTER, hereby sues Defendants, MHM HEALTH PROFESSIONALS, INC. and CENTURION OF FLORIDA, LLC., and alleges as follows:

## JURISDICTION

1. This is an action brought under §448.101-105, Florida Statutes, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), for claims which are in excess of Seventy-Five Thousand Dollars ($75,000.00) and for equitable and ancillary relief.

1

2. This action was initially filed on June 4, 2018 in the Jackson County Circuit Court for the Fourteenth Judicial Circuit. It was subsequently removed to this Court by Defendants on July 2, 2018.

## CONDITIONS PRECEDENT

3. Plaintiff has satisfied all conditions precedent to filing this action in that she timely filed a charge of discrimination with the EEOC and FCHR on February 2, 2018. She subsequently received a Notice of Right to Sue from the EEOC on March 5, 2018.

## THE PARTIES

4. Plaintiff, Bridget McCarter ("McCarter"), is a resident of Alabama. She worked in Florida at Jackson Correctional Institute. She is a member of a protected class due to her race, black.

5. Defendant, MHM Health Professionals, Inc. ("MHMHP"), is a corporation, licensed and authorized to conduct business in the State of Florida and is an employer as defined in the above referenced statutes.

6. Defendant, Centurion of Florida, LLC. ("Centurion"), is a corporation, licensed and authorized to conduct business in the State of Florida with its principal place of business in Leon County, Florida and is an employer as defined in the above referenced statutes.

## STATEMENT OF FACTS

7. Centurion is a health care provider contracted to provide inmate health care services for the Florida Department of Corrections.

8. Centurion's contract with the Florida Department of Corrections began in April 2016.

9. Prior to Centurion, inmate health care services were provided by Corizon Health.

10. According to Centurion's website, MHMHP serves in a partnership with Centene Corporation which together make up Centurion.

11. Job advertisements indicate that Centurion positions are a "partnership with MHM Services" with Centurion employment benefits included.

12. MHMHP's website lists Centurion as an affiliated company.

13. According to the State of Florida, Department of State website, Centurion and MHMHP share common management/ownership individuals.

14. Bridget McCarter, a black female, served as the Health Services Administrator for Centurion at Jackson Correctional Institute until her termination on May 11, 2017. Plaintiff believed her employment to be with Centurion.

15. Kimberly Prescott, Regional Director for Centurion, was McCarter's immediate supervisor.

16. Lisa Barton, a white female, and Director of Nursing, was Prescott's immediate supervisor with Centurion.

17. Vickie Love, a white female, is the Vice President for Centurion and serves as Ms. Barton's direct supervisor.

18. McCarter contacted Prescott regarding Centurion/MHMHP employee grievances, issues with the on-site Centurion/MHMHP medical staff, and patient care which was in violation of standards of care resulting in inmate deaths.

19. McCarter specifically complained that she believed there was racial discrimination occurring.

20. McCarter asserted, and could prove, that the facility secretary was holding employee filed grievances and refusing to deliver them to her in a timely fashion.

21. In or about March 2017, McCarter reported to Prescott 4 inmate mortalities, that resulted from the administration of improper and/or negligent medical care by Centurion and/or MHMHP staff. Prescott was instructed that inmates were not being seen by Centurion and/or MHMHP's nursing staff when suffering

from various ailments; patient care was being compromised by Centurion and/or MHMHP's on-site staff; and inefficiency was causing serious rescheduling issues that prevented inmates from receiving care that would have prevented their deaths.

22. McCarter reported to Lisa Barton the issues that surrounded the inmate death that occurred in February 2017. McCarter reported that Nurse Lane and Director of Nursing Dorothy Stewart, both employees of Centurion and/or MHMHP, had both improperly handled the care of the inmate, resulting in their death.

23. On May 2, 2017, McCarter sent a letter to Vickie Love detailing the ways in which she believed there was racial discrimination occurring within Defendants. Such examples included that black employees received more pressure on the job than white employees, they were paid less within their respective disciplines than white employees and that black employees were not given equal opportunities for advancement within Defendants. This same letter also reiterated the prior reports that McCarter had made about the February 2017 inmate death wherein nothing had been addressed to date.

24. On May 11, 2017, shortly after McCarter's various reports, McCarter was terminated for alleged time and attendance issues.

# COUNT I
## FLORIDA PRIVATE WHISTLEBLOWER ACT RETALIATION

25. Paragraphs 1-24 are re-alleged and incorporated herein as if set forth in full.

26. The forgoing actions of Defendant constitute retaliation against Plaintiff in violation of the Florida Private Whistleblower Act, §§448.101-105, Fla. Stat.

27. Plaintiff objected to and refused to participate in practices which are in violation of several laws, rules, and regulations, including, without limitation Fla. Stat. § 945.6034 and Fla. Stat. Chapter 464.

28. Defendants terminated Plaintiff in retaliation for complaining about unlawful policies and practices of Defendants that were endangering the health and safety of the inmates and for reporting discrimination.

29. As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

# COUNT II

## RACE DISCIMINATION
## TITLE VII

30. Paragraphs 1-24 are re-alleged and incorporated herein as if set forth in full.

31. This is an action against Defendants for discrimination based upon race brought under 42 U.S.C. §§ 2000e *et seq.*

32. Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than white employees of Defendants and was subjected to differential treatment resulting in her termination on the basis, at least in part, of her race.

33. Defendants are liable for the treatment towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to the Plaintiff.

34. Furthermore, Defendants knowingly allowed the discriminatory treatment of plaintiff and participated in same.

35. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.

36. Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §§ 2000e *et seq*.

37. As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

### COUNT III
### RACE DISCIMINATION
### 42 U.S.C. §1981

38. Paragraphs 1-24 are re-alleged and incorporated herein as if set forth in full.

39. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981.

40. Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than white employees of Defendant and was subjected to differential treatment resulting in her termination on the basis, at least in part, of her race.

41. Defendants are liable for the discriminatory treatment towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to the Plaintiff.

42. Furthermore, Defendants knowingly allowed the discriminatory treatment of plaintiff and participated in same.

43. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

44. Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981.

45. As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

# COUNT IV
# RETALIATION
# TITLE VII

46. Paragraphs 1-24 are hereby re-alleged and incorporated as if set forth in full herein.

47. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991.

48. The foregoing unlawful actions by Defendants were purposeful.

49. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendants and she was the victim of retaliation thereafter, as related in part above. The events set forth herein led, at least in part, to Plaintiff's termination.

50. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

51. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost

wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) judgment against Defendants and for Plaintiff awarding compensatory damages for the Defendants' violations of the law enumerated herein;

(c) judgment against Defendants and for Plaintiff, affording declaratory relief and permanently enjoining Defendants from future violations of law enumerated herein, and reinstatement for the Plaintiff, remedying all benefits of which Plaintiff has been unlawfully deprived;

(d) prejudgment interest;

(e) judgment against Defendants and for Plaintiff, awarding Plaintiff her attorneys' fees and costs;

(f) leave to amend to plead punitive damages upon a proper showing;

(g) all equitable relief that is allowed by law;

(h) such other and further relief as is appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 20th day of July, 2018.

>Respectfully submitted,
>
>/s/ Tiffany R. Cruz
>Tiffany R. Cruz
>Florida Bar No.: 090986
>FRIEDMAN & ABRAHAMSEN
>403 E. Park Avenue
>Tallahassee, FL 32301
>Telephone: (850) 681-3540
>Tiffany@fa-lawyers.com
>
>ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of this filing to all counsel of record.

>*/s/ **Tiffany R. Cruz***
>Tiffany R. Cruz